EASTERN DIST.
June, 1835.

M'DONOUGH
vs.
GOULE & LAMBERT.

---

## M'DONOUGH vs. GOULE & LAMBERT.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

In a suit against the endorsers of a promissory note, given for the price of sugar sold by them as agents of the owner, and they show they were not bound to warrant the solvency of the purchaser, that the note was drawn to their order, and endorsed in blank in the absence of the owner of the sugar, who took it in settlement and the plaintiff is proved to be his agent: *Held*, that the defendants are not liable under their endorsement.

When the plaintiff's right to sue, as the *bonâ fide* holder of an endorsed note is contested, and it is shown he became possessed of it as agent, and not in the usual course of trade, the endorsers may show that they endorsed it for the principle only as agents, and without ultimate responsibility.

This is an action against the defendants, as endorsers of a promissory note drawn by Tourné & Beckwith, to their order

and endorsed in blank, for the sum of one thousand five hundred and two dollars and protested for non-payment.

The defendants admit their endorsement on the back of the note, and aver the plaintiff is not the owner, but that the same is the property of André Durnford, who took it from them without warranty, for the proceeds of a quantity of sugar, which they, as his agents, sold on his account. That the note was drawn to their order, and endorsed by them in blank, because the said Durnford was absent at the time it was executed, and on his return took it from them without warranty, all of which was known to the plaintiff, to whom it was given for collection in his name. They aver, they are not in any manner responsible, and pray to be dismissed.

The defendants proved by their book-keeper, that they were the agents of André Durnford for the sale of his sugar; that they sold the crop of 1833 to Tourné & Beckwith, for two notes including the one in suit, without guarantee; that no guarantee commission was charged to Durnford; that the plaintiff is the the agent of Durnford, and had this note protested for non-payment.

The district judge was of opinion, the defendant proved the property of the note was in Durnford, and that the plaintiff was his agent; that the defendants were not liable, because they did not guaranty the sale of the sugar for which the note in question was taken and delivered to Durnford on settlement, without guarantee. Judgment was rendered in favor of the defendants, from which the plaintiff appealed.

*Gray*, for the plaintiff and appellant.

*Canon*, contra.

*Bullard, J.*, delivered the opinion of the court.

The appellant seeks the reversal of a judgment pronounced against him, as holder and endorsee of a promissory note in an action against the endorsers.

The defence relied on by the endorsers was: first, the want of due notice of protest; and secondly, that the

Eastern Dist.
June, 1835.

M'DONOUGH
vs.
GOULE & LAMBERT.

In a suit against the endorsers of a promissory note, given for the price of sugar sold by them, as agents of the owner, and they show they were not bound to

When the plaintiff's right to sue as the *bonâ fide* holder of an endorsed note is contested and it is shown he became possessed of it as agent, and not in the usual course of trade, the endorsers may show that they endorsed it for the principal only as agents, and without ultimate responsibility.

plaintiff is not the owner of the note, but that it belongs to one André Durnford; that both the plaintiff and Durnford know, that the defendants are not liable to pay the note as endorsers, because it was taken by them in payment of a part of the sugar crop of Durnford, sold by them as his agents to Tourné & Beckwith, the drawers; that the note was drawn to their order in the absence of Durnford, who received it from them afterwards, on settlement without warranty, and that all this was to the knowledge of the plaintiff, who is also, only an agent of Durnford.

It is proved, that the note was given for the price of sugar, sold by the defendants for Durnford, who were not bound to warrant the solvency of the purchasers, and that on settlement afterwards the note was handed over to Durnford, with an endorsement in blank. The note does not bear the subsequent endorsement of Durnford, and it is shown, that the plaintiff transacts the business of Durnford, as his agent. The plaintiff has not shown that he is the *bonâ fide* holder, and that he became possessed of the note in the usual course of trade, although that fact is directly contested by the defendants. We think the proof sufficient to identify the plaintiff with Durnford, his principal, and to authorise the endorsers to show, they endorsed *only* as agents, and without ultimate responsibility. The evidence on this point satisfied the court of the first instance, that the defendants are not liable as endorsers, and we concur in that conclusion.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.