EASTERN DIST.
June, 1810.

WALDRON ET AL.
*vs.*
TURPIN.

---

## WALDRON ET AL. *vs.* TURPIN.

### APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The signatures and official capacities of public officers, purporting to act as such in foreign countries, must be proved, *when contested* in our courts, as other facts.

There is one exception to the rule, that the signatures and official capacities of public officers of another state must be proved in our courts, and that is in regard to notarial protests of foreign bills of exchange, which exception is made in aid of commerce.

But in cases of promissory notes, in another state, the protests do not make proof of a demand of payment, and are not admissible in evidence, unless the signature and official capacity of the officer making them is attested and proved.

By the commercial law, a notary is not absolutely necessary to make a protest of a note or inland bill, as it is not considered an official act; and if the notary makes it, and is living, the protest is not received as evidence itself, *of a demand,* even if his signature and capacity is undisputed.

This is an action on two promissory notes for five hundred and ninety-three dollars and twenty-three cents, and five

hundred and ninety-five dollars and thirty-seven cents, signed by White, Turpin & Nephew, a commercial firm residing and doing business at Grand Gulf, in the state of Mississippi, dated the 7th April, 1838, payable on the 15th of November and first of December following, to the order of the plaintiffs, at the Grand Gulf Rail-road and Banking Company, in Mississippi, and protested for non-payment at maturity. The plaintiffs pray judgment for the amount of said notes, with eight per cent. per annum interest, according to the laws of Mississippi, together with costs of protest, and that the defendant, Turpin, who is now in New-Orleans, be arrested and held to bail.

The defendant pleaded the general issue ; and avers that he is no way liable to pay said notes ; and that one of them has been extinguished by a draft given by him. He prays to be dismissed from said suit.

The principal question on which the whole case turns, is embraced in a bill of exceptions taken by the defendant's counsel to the *admissibility of the protest of the notes in evidence,* to prove demand of payment at the place where made payable, on the ground that the signature and official capacity of the notary or justice of the peace, who purports to have made the protest, *was not, and should be first proved.* The court overruled the exception, and admitted the protests to go in evidence, without such preliminary proof, wherefore the defendant's counsel took his bill of exceptions to the opinion of the court.

There was judgment for the plaintiffs, and the defendant appealed.

*Wharton,* for the plaintiffs, insisted on the affirmance of the judgment. He contended that, by the commercial law, it was not required to prove signatures or the authority of notaries to protest bills and notes. That in aid of commerce, this preliminary proof was dispensed with.

*T. Slidell,* for the defendant, argued to show that the judgment is clearly erroneous, from the absence of

EASTERN DIST.
June, 1840.

WALDRON ET AL.
*vs.*
TURPIN.

EASTERN DIST.   proof of demand of payment of the notes sued on, at the place
June, 1840.    indicated for payment, being the Grand Gulf Rail-road and

WALDRON ET AL.  Banking Company.   The only proof of demand of payment
vs.       is exhibited by certain acts of protest, purporting to proceed
TURPIN.      from a notary in Mississippi.   The defendant excepted to the
introduction of said protests, on the ground that there was no
evidence authenticating the signature and capacity of the
notary ; but the court, as defendant contends, improperly
permitted the introduction of said protests.   Without proof
of demand of payment at the place indicated, there can be
no recovery.   See the case recently decided by this court.
14 *Louisiana Reports.*

*Morphy, J.,* delivered the opinion of the court.

This action is brought on two promissory notes, dated at
Grand Gulf, in the state of Mississippi, drawn to the order
of plaintiff, by the firm of White, Turpin and Nephew, of
which defendant was a member, and made payable at the
Grand Gulf Rail-road and Banking Company, in that state.
Defendant pleaded the general issue and novation, as to one
of the two notes.   Judgment being rendered in favor of the
plaintiffs, this appeal was taken.

To prove the demand of payment at the place mentioned
in the body of the notes sued on, two documents were offered
in evidence, purporting to be notarial protests of the notes.
Their introduction was opposed on the ground that no proof
had been adduced of the signature and official capacity of
the person who made them.   This objection having been
overruled by the judge, a bill of exceptions to his opinion
was taken, to which our attention has been particularly re-
quested.

The signatures    We understand the general rule on this subject to be, that
and official ca-  the signature and official capacity of persons assuming the
pacities of pub-
lic officers, pur- character of public officers in foreign countries, must be
porting to act as
such in foreign proved when contested in a court of justice.   The different
countries, must  states of the Union must, we apprehend, be viewed in the
be proved, *when*
*contested* in our light of foreign countries, with regard to each other, so far
courts, as other
facts.       as their municipal laws, and the individual sovereignty re-

EASTERN DIST.
June, 1840.

WALDRON ET AL.
vs.
TURPIN.

tained by each of them are concerned; and the courts of one state can have, or be presumed to have, no more knowledge of the signature and capacity of the public officers of another state, than of any other foreign country. To the above rule there exists an exception, as regards notarial protests of foreign bills of exchange. It has been introduced in aid of commerce, founded wholly upon the custom of merchants and public convenience; it has been acknowledged and maintained by the courts of law, and such protests receive credit every where, without any auxiliary evidence. We are now asked to extend this exception to the protests of two notes, executed and payable in the state of Mississippi, and to receive such protests as evidence *per se*, of a demand of payment at the indicated place. No adjudged cases have been shown to us, nor have we been able to find any in which the extension contended for has been allowed, nor do we see any good reason why it should. The importance, and almost universal use of bills of exchange as the means of remittances from one country to another; the great commercial facilities they have been found to offer; and the delay and trouble of procuring evidence from distant places, are among the grounds upon which this exception has grown up. They do not apply to promissory notes, or other moneyed obligations, more limited in their circulation and general usefulness to foreign trade.

The record does not show that, by the laws of Mississippi, a demand of the payment of promissory notes is required to be made by a notary public, or a protest made for non-payment, or notice given by a notary to the endorsers. By the general commercial law, it is well known that the intervention of a notary for such acts is unnecessary. A protest of a note or inland bill by a notary public, is not considered as an official act; and if the notary be living, it is not received as evidence, of itself, of the fact of the demand, even when the signature and capacity of the officer are undisputed. *Bailey on Bills*, 512–516; 8 *Wheaton*, 328, *Nichols* vs. *Wells*. We are, then, of opinion that the documents objected to are improperly admitted, and do not establish a demand of pay-

There is one exception to the rule, that the signatures and official capacities of public officers of another state must be proved in our courts, and that is in regard to notarial protests of foreign bills of exchange, which exception is made in aid of commerce.

But in cases of promissory notes, in another state, the protests do not make proof of a demand of payment, and are not admissible in evidence, unless the signature and official capacity of the officer making is attested and proved.

By the commercial law, a notary is not absolutely necessary to make a protest of a note or inland bill, as it is not considered an official act; and if the notary be living, it is not received as evidence, itself, *of a demand*, even if his signature and capacity is undisputed.

EASTERN DIST. ment at the place mentioned in the notes. Without this, no
June, 1840. recovery can be had. 3 *Martin, N. S.*, 423 ; 10 *idem.*, 552.

M'DONOUGH
*vs.*
CHILDRESS ET AL.
     It is, therefore, ordered, adjudged and decreed, that the
judgment of the District Court be avoided and reversed, and
that there be judgment as in a case of non-suit ; the plain-
tiffs and appellees paying costs in both courts.