WESTERN DIST.
*October*, 1840.

AMADO
*vs.*
BREDA.

So, the granting an order of seizure and sale does not prevent the prescription of five or ten years from running against the note and debt on which it is founded.

</div>

---

## AMADO *vs.* BREDA.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, FOR THE PARISH OF NATCHITOCHES, THE JUDGE OF THE DISTRICT PRESIDING.

An affidavit for a trial by jury, in an action on a monied obligation, where a plea of compensation and reconvention is set up, *is insufficient* under the act of 20th March, 1839, " amending the Code of Practice," when the facts stated do not *clearly show they would affect the plaintiff's right of recovery.*

The defendant, to obtain a trial by jury, when sued on his note or monied obligation, must swear *to all the allegations* in his plea or answer.

33      VOL. XVI.

WESTERN DIST.
October, 1840.
━━━━━
AMADO
vs.
BREDA.

This is an action by the holder of two promissory notes, for three hundred dollars each, against the maker. The notes are endorsed in blank by the payee. There is a recent credit of two hundred dollars on one of them. The plaintiff prays judgment for four hundred dollars and interest.

The defendant averred, that the notes were given in consideration that the plaintiff and his co-partner should furnish bricks and complete a house; that he had furnished a large quantity of lime, more than was used, and had been charged for a much greater quantity of bricks, than were laid or used; and that the work was not completed in a workman-like manner, in consequence of all of which, he is entitled to a large amount in damages, which he prays may be allowed him in compensation and reconvention; that experts be appointed to examine the work, and report, &c., and he prays for a jury.

The defendant made oath, "that the facts and allegations stated in his answer are true, as far as the same are stated from his own knowledge."

The district judge decided, that the affidavit was insufficient to entitle the defendant to a jury, under the act of 20th March, 1839; to which decision a bill of exceptions was taken.

The plaintiff proved the execution of the notes, and offered them in evidence. The defendant produced no testimony.

There was judgment for the plaintiff, and the defendant appealed.

*Dunbar* and *Hyams*, for plaintiff.

*Morse* and *Roysden*, for defendant.

*Simon, J.*, delivered the opinion of the court.

This suit being instituted by the endorsee of two promissory notes of hand, defendant sets up in substance, as his defence, that they were given in consideration of a contract to build a house, which he alleges was never completed; that he is entitled to a reconventional demand against the notes sued on, for materials by him furnished to plaintiff and

WESTERN DIST.
October, 1840.

AMADO
vs.
BREDA.

his partners, and for damages, for the amount of which he claims credit on said notes, and that the consideration thereof has failed. He further prays for a trial by jury, and annexes to his answer an affidavit, in which he swears that the facts and allegations therein set forth are true, *so far as the same are stated of his own knowledge.* The district judge refused to allow the trial by jury, and the case having been tried before the court, judgment was rendered against defendant, from which judgment he appealed.

The only question presented to our consideration, results from a bill of exceptions taken to the opinion of the judge *a quo,* refusing to allow the trial by jury.

Under the provisions of the 24th section of the act of the 20th March, 1839, entitled "an act to amend the Code of Practice," all suits against makers and endorsers of promissory notes, &c., &c., are to be tried without a jury, unless, among other exceptions, the defendant sets up a plea of compensation and reconvention, or alleges want or failure of consideration, and makes oath to the truth of *all his allegations.* In this case the facts alleged in the answer, in support of the reconventional demand and of the plea of failure of consideration, are not stated so as to show clearly, that they would affect the plaintiff's right of recovery; plaintiff is the endorsee of the notes, and the loose allegations of the defendant, that the notes belong to several persons, partners of the plaintiff, some of whom *are unknown* to the defendant, do not, in our opinion, show that the defence set up could be of any effect against the plaintiff. The law of 1839, allows a trial by jury, when the defence, within the object of the law, is certain and unequivocal, and when the defendant makes oath to the truth of *all the allegations* in his plea or answer. We think, in this case, that the defendant's affidavit is insufficient, and that the judge *a quo,* did not err in disallowing a trial by jury.

We come the more readily to this conclusion, that the defendant, who had an opportunity of establishing before the court, the truth of the facts stated in his answer, did not produce any evidence in support of his alleged reconventional

*An affidavit for a trial by jury, in an action on a monied obligation, where a plea of compensation and reconvention is set up, is insufficient, under the act of 20th March, 1839, "amending the Code of Practice," when the facts stated, do not clearly show they would affect the plaintiff's right of recovery.*

*The defendant to obtain a trial by jury, when sued on his note or monied obligation, must swear to all the allegations in his plea or answer.*

demand; if his defence had been a serious and real one, he might have tried it before the court as well as before a jury, and not having availed himself of it, we must presume that he could not substantiate it. We are only astonished that he attempted to swear to allegations which he did not, even on the trial of the cause, show any disposition to prove and justify.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.