## No. 2015.—A. Ledoux *v.* John R. Buhler.

A promise to pay, subsequent to the maturity of the obligation, may be set up by an amended petition.

Where a debt existed between two parties who liquidated the same by note, at a time and under circumstances rendering the execution of the note illegal on account of one party residing within the Confederate and the other within the Federal military lines, during the late war, and the debtor promised to pay the debt after the war had ceased, with a full knowledge of the nature and origin of the obligation, the promise can be enforced and the debtor compelled to pay the obligation.

APPEAL from the Fifth District Court, parish of West Baton Rouge, *Posey,* J. *Favrot & Lamon* for appellant. *Barrow & Pope* for appellee.

A. Ledoux v. John R. Buhler.

HOWELL, J.   This is an action on a promissory note made by John Buhler on sixteenth May, 1862, at West Baton Rouge, for $3,780, payable to the order of Menard & Vignaud, twelve months after date, at their office in New Orleans, with eight per cent. interest after due.   The defendant, who accepted, purely and simply, the estate of his deceased father, John Buhler, filed a peremtory exception, alleging that at the date of executing the said note the maker resided within the Confederate military lines and the payers within the Federal military lines, and consequently the contract was null, being in violation of law prohibiting all commercial intercourse or transactions between said parties, of which facts the plaintiff had notice.

The plaintiff then filed an amended answer, declaring that said note had been given in renewal of an obligation existing as far back as 1859, originally for $5,000, several times renewed and reduced by payments to the amount of the note sued on, and that in 1866 the defendant acknowledged the correctness and validity of said obligation and promised to pay the same.

The defendant excepted to the filing of this amended petition for the reasons that it would change plaintiff's ground of action, that the original obligation was novated and that the promise of defendant was in view of a compromise, which was properly overruled.   The substance of plaintiff's demand was not changed by allegations of the amended petition.   They simply set forth the origin of the obligation, and the alleged promise to pay is not inconsistent with the original demand, and can properly be set up by amendment.   The questions of novation and compromise depend on evidence and cannot, in this instance, be a ground of exception to any inquiry into the facts alleged.

The District Judge sustained the peremptory exception and dismissed plaintiff's suit, who has appealed.

The only question which we deem it necessary to examine is that of defendant's acknowledgment.   He contends that it was made in view of a compromise and without a knowledge of the nature of the obligation, which being absolutely void is not capable of being made valid.

The acknowledgment and promise are shown to have been unconditional.   The only point of difference was as to the time when a confession of judgment should be made.   The note itself was notice to the defendant of the circumstances, which in law, would affect its validity, and it is apparent that he must have made the acknowledgment and promise with a full knowledge of the origin and nature of the obligation, which we must hold to be such as to form a legal basis for a new promise to pay the debt evidenced by the note sued on.   The obligation existed before the war, and although the note was executed between parties not competent at the time to contract, the debt was not thereby extinguished and the subsequent promise to pay it, as evidenced by said note, having a moral obligation as its basis, can be enforced in a suit thereon, which may be taken as the evidence of the debt agreed on by the parties.

The judge *a quo* erred in dismissing plaintiff's suit on the peremptory exception, which is really a defense to the action, and as there is evidence in the record on the merits to establish the claim, we must sustain it.

It is therefore ordered that the judgment appealed from be reversed, and that plaintiff recover of the defendant, John R. Buhler, the sum of three thousand seven hundred and eighty dollars, with eight per cent. interest from the sixteenth day of May, 1863, and costs in both courts.

Rehearing refused.