No. 638.—STATE OF LOUISIANA *v.* EASTON HOFFPAUER.

All objections to the informalities which may have occurred, in the formation, drawing or summoning of the grand jury must be made on the first day of the term of the court and not afterwards. Revised Statutes, page 296.

Where the venire from which the grand jury is drawn is composed of legally qualified jurymen, it will not be set aside on objections made after the first day of the term.

APPEAL from the Eighth Judicial District Court, parish of Vermilion. *Bailey,* J. *E. D. Estilette,* District Attorney, for the State, *R. F. Patton,* William *& E. Mouton,* for defendant and appellant.

TALIAFERRO, J. The defendant in this case was indicted for assault and battery, found guilty and sentenced to pay a fine of five hundred dollars, or in default thereof to be imprisoned three months in the parish jail.

Previous to the trial the defendant by his counsel moved to quash the indictment on the ground that the grand jury which presented the indictment was not a legally constituted body for the reason that it was drawn from a venire that had been formed under a law which was repealed and not in force at the time the grand jury was drawn.

The motion to quash was overruled by the judge *a quo,* who assigned as ground for his action that the venire having been drawn before the law changing the manner of drawing juries in the parish of Vermilion was approved or took effect, it was properly drawn. That the objection, if a good one, came too late, as it should have been by challenge, to the array on the first day of the term. The appeal comes up on a bill of exceptions taken by the defendant to the ruling of the court.

The facts appear to be that the venire in question was drawn on the seventh day of March, 1866, under the act of 1855, which provides that the venire of forty-eight jurors to be drawn for an ensuing term of court shall be drawn from ballots taken from a list of *all* the qualified voters not exempt, of the parish. Revised Statutes, p. 294, sec. 3.

On the eighth day of March, 1866, the day after the drawing of the venire as above stated, an act of the Legislature was approved providing that in the parish of Vermilion the forty-eight jurors to be drawn prior to each term of the District Court shall be drawn from ballots taken from the names of *only one hundred and fifty* qualified

77

voters of the parish not exempted by law. This act repealed all former laws on the same subject matter, and took effect from the date of its passage. Acts of 1866, p. 114.

The grand jury that found the bill in this case was drawn on the ninth of April, 1866, from the venire drawn on the seventh of March preceding, under the law of 1855.

It seems clear that the drawing of the venire on the seventh of March was in every respect a legal act, having been performed under and in conformity with a law in force at the time the act was performed. But the law which legalized the act was not in force on the ninth of April following, when the grand jury was drawn having been repealed and suspended by another law in force on the ninth of April, and which is essentially different from the former law, especially in the matter of the formation of the venire. The venire however from which the jury was drawn was composed of persons competent to sit on juries, and the grand jury so drawn was composed of legally qualified jurymen. The informality objected to might have been successfully urged on the first day of the term, but that not having been done it was too late to interpose the objection afterwards. The act of 1855 (Revised Statutes, p. 296), provides that "all or any objections which might or could be made on account of any defects or informality which may have occurred either in the formation, drawing or summoning of juries, or any defect whatsoever in the construction of said juries shall be made on the first day of the terms of the said District Courts, and not afterwards. We think the judge *a quo* correctly overruled the exception.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs.