No. 1025.—THOMAS SCHORR *v.* P. W. WOODLIEF.

A protest of a foreign bill of exchange made by a foreign notary is admissible in the courts of this State to establish presentment, demand and nonpayment, without proof of the signature and capacity of the notary being made. But the act of the General Assembly of this State, which makes the certificate of notice by the notary competent evidence of such notice, only applies to notaries of this State. Therefore a certificate of notice by a foreign notary, attached to the protest of a foreign bill of exchange, is not sufficient proof in the courts of this State that the proper notice was given.

APPEAL from the Fourth District Court, parish of Orleans. *Théard,* J. *John Henderson, Jr.,* for plaintiff and appellee. *Thomas J. Cooley,* for defendant and appellant.

HOWE, J. Action on foreign bill of exchange drawn by defendant at Jackson, Miss., on a firm in Mobile, Ala., protested for nonpayment August 28, 1862. Defense, a general denial. Judgment for plaintiff and appeal by defendant.

The only evidence of the notice of protest was furnished by the introduction, without proof of signature or official capacity, of an official copy of the act of protest by the notary in Mobile, which contains a clause stating that notices of protest for P. W. Woodlief were sent by mail directed to him at Jackson, Miss. The defendant, by objection

and exception, presents the question as to how far this paper estab-
lishes the liability of the defendant. We understand the rule to be
that protests of foreign bills by foreign notaries are received in aid of
commerce to establish the facts of presentment, demand and nonpay-
ment, and this without proof of their signatures and official capacities.
15 La. 555. But beyond this the rule has not been extended, either
by decision, or, in this State, by statute. 9 An. 235, Schneider v.
Cochrane. And, therefore, in this case, even if the protest of the draft
was proved, the service of notice was not.

It is therefore ordered that the judgment appealed from be reversed,
and the action of plaintiff dismissed, as in case of nonsuit, and at
his costs.