'The opinion of the court was delivered by
Breaux, J.
Plaintiff instituted this hypothecary action to enforce the payment of a judicial mortgage he claims on one undivided third •of certain property in the possession of the defendant.
Plaintiff’s judgments, amounting to three thousand dollars, wereobtained in-1883, and duly recorded in May of that year.
In 1881 Mrs. J. B. Schiller, against whom these judgments were obtained, made a partition and partial settlement with her children, *1025 to whom she was indebted as tutrix; the act of partition shows the acquisition of the property on which plaintiff claims a judicial mortgage by Mary A. Schiller, wife of O. A. Fairex.
In 1881, after the partition and partial settlement, Mrs. O. A. Fairex brought suit against her mother for an account, and in default of' an account for thirty thousand dollars and interest.
Judgment was pronounced in her favor for that amount, being, the judgment recites, proportion of rents and revenues of the community property held in common by defendant with her husband, John B. Schiller, and due to the plaintiff.
In August, 1884, Mrs. Mary E. Schiller bequeathed the undivided two-thirds of the property to O. A. Fairex, the disposable portion; and her mother, Mrs. J. B. Schiller, inherited the remaining one-third as forced heir.
The will included two-thirds of the judgment obtained by the testatrix against her mother in 1881.
The property, including the judgment, were inventoried in the succession of the testatrix.
In 1887 Mrs. J. B. Schiller brought suit to annul the will of her daughter, Mrs. O. A. Fairex, and one of the allegations was that the judgment obtained by her daughter against her was not real, though it existed in fact.
In 1888 Mrs. J. B. Schiller consented to a judgment maintaining her daughter’s will, and transferred to O. A. Fairex her undivided one-third interest as forced heir in the property, on which plaintiff claims a judicial mortgage.
Fairex, the transferee, paid Mrs. J. B. Schiller and her two daughters, Mrs. Henley and Mrs. Rollings, the sum of thirty-five hundred dollars.
All three are parties to the act “to compound, compromise and adjust their differences upon the terms and in the manner” declared in the act.
O. A. Fairex, as instituted heir of his wife, Mary E. Schiller, in addition canceled and annulled the judgment of thirty thousand dollars obtained by his wife against her mother, Mrs. J. B. Schiller.
In the deed it is declared that the judgment is canceled by O. A. Fairex “in consideration of said above compromise.”
Upon these facts judgment was rendered in favor of the plaintiff, condemning him to deliver the property or pay the amount.
*1026 From the judgment the third possessor prosecutes this appeal.
Two questions present themselves:
1. Does plaintiff’s judgmentlaffect the property of the defendant or secure a judicial mortgage?
2. Does it precede all claims in rank, and can the property be held subject to plaintiff’s judicial mortgage without regard to any preexisting indebtedness of Mrs. J. B. Schiller to the defendant which entered into the act of compromise of 1888 between her and Fairex?
THE JUDICIAL MORTGAGE.
In answering the first question our attention is arrested by the leading case of Voorhies vs. DeBlanc, 12 An. 864, cited by defendant’s counsel, in which it was decided that an entire succession, disregarding the elements which enter into its composition, can not be mortgaged.
It is argued in behalf of the defendant that the debtor to plaintiff, Mrs. J. B. Schiller, did not acquire the specific property on which plaintiff 'claims a mortgage. That the mortgage did not attach for the reason that no settlement was made and no partition. That she could not have dominium over the property pending the administration. That the heirs inherited the succession as an entirety to be partitioned.
Such being defendant’s appreciation of the facts, we are referred by his counsel to several decisions in line with the decision before mentioned as applying.
It would be going beyond what is called for by the facts in this case, to express an opinion regarding the principle announced in the Voorhies-DeBlanc decision.
In the case of Tureaux vs. Gex, Administrator, 21 An. 253, this Court said that the mortgage resulting from the recording of a judgment attaches to the heirs’ portion of inherited immovable property, and that the enforcement of such mortgage is dependent upon the final settlement of the succession.
The Court adds: “Some doubt is created by the decision of the majority of the Court, but that a careful examination of the case will show that the point was not decided nor directly presented.”
From Smith & McKenna vs. Charles, 27 An. 504, we quote:
“The recording of a judgment against an heir was held to affect all the mortgageable property thus owned by such heir. ’ ’
*1027 We quote from these decisions to establish that it has never been held that the heir’s portion is not affected by a mortgage against him. The conditions being that the enforcement of the mortgage is dependent upon a partition and final settlement of the succession.
In the ease at bar the mortgage debtor was in possession of the undivided third of the lots inherited from her daughter, and there was in effect a partition, a final settlement of the act of compromise ; but it did not remain as intended by the parties.
She transferred a third of the property to the co-proprietor, the instituted heir.
The contention of the purchaser,' Fair ex, at this time, is that it never passed out of the succession of the testator.
This position is not tenable, for he has acknowledged in a notarial act of transfer that Mrs. Schiller was in possession, and that she owned the property he acquired from her. The defendant having acknowledged that ■ she had the right to sell, the legal sequence is obvious that the judicial mortgage attached.
The power to alienate included the power to mortgage.
The ease is at least one remove from the DeBlanc-Voorhies case and other decisions in pari materia in which the issue related to property that had not passed from the succession to each heir in propria nomine, but had remained unsettled as an entire succession. In the case under consideration the property had passed to the heir with the consent of the instituted heir and co-owner, who bought from the debtor, Mrs. J. B. Schiller.
The property is, beyond all question, in his possession as owner.
Such being the fact, he is without right to have it considered as in the possession of the succession of his late wife and never to have been in possession of her mother, as owner and heir, from whom he acquired.
As plaintiff’s judicial mortgage attached, it devolves upon us to pass upon the second point involved, and suggested by the question relating to the indebtedness of Mrs. Schiller to her daughter, and its effect upon plaintiff’s claim.
She was, it is contended by defendant, a debtor in a large amount, and in consequence not entitled to any portion of the estate.
Further, that after the settlement of the amount due she would have remained indebted to the succession; that her creditor, the *1028 plaintiff, could not acquire any right upon the property before a settlement had been made.
In answer to this contention of the defendant, the plaintiff argues that she sold her undivided third interest to the property to the third possessor, Fairex, and thereby rendered it impossible to make a settlement.
The compromise was made between plaintiff’s debtor and the third possessor on the basis of an alleged indebtedness of the former to the latter, amounting, they declared, to thirty thousand dollars, for revenues and collections and a cash consideration.
The judicial mortgage creditor should not thereby gain an advantage, nor should its interest as a mortgage creditor be thereby prejudiced.
Plaintiff can have no better right in the property than his debtor, unless he can show some fraud or collusion by which his rights have been impaired.
■ It seems to us that the encumbrance on the property should be established by reference to the condition existing at the date of the transfer.
That the act of compromise and settlement does not extinguish pre-existing rights to the benefit of the judicial mortgage creditor, unless it contains declaration to that end of such a character that it is absolutely binding forever.
If there was an amount due by Mrs. J. B. Schiller, it was an amount for which her interest in the estate of her daughter was accountable. The two claims — that of the succession as a creditor and that of Mrs. Schiller, as a forced heir of her daughter, were subject to adjustment and settlement in the process of settlement of the latter’s succession.
The mortgage of plaintiff could attach only to the residuum after settlement.
The act intended as a compromise effected the settlement of the succession by a showing between the parties that Mrs. Schiller, because of her indebtedness to the succession, had no interest in the property, save possibly as to the amount cash paid to her by the instituted heir, Fairex.
If the compromise is not of binding effect, as to the claims of third persons, and does not protect the defendant against plaintiff’s judi *1029 cial mortgage, the condition prior to the compromise should be restored.
As to that portion of the thirty-five hundred dollars paid to her as an additional consideration for the compromise. There is an appearance of additional value of Mrs. Schiller’s interest in the property inherited by her over and above her indebtedness.
If there was an additional value fixed by defendant, it may be that the mortgage of plaintiff to that extent attached to the property.
As the case must be remanded for another trial, we formulate our first impressions on this point — that is, regarding the effect of the cash paid as an additional consideration, and leave that particular question open for future determination. ■
JUDGMENT BY CONSENT.
The plaintiff contends that the judgment of thirty thousand was a consent judgment.
We do not think that we are authorized, in these proceedings, in which the judgment is not attacked, to pass upon its validity and decree that it has no binding force.
On the face of the papers it does not appear that it was a consent judgment, and that it was without consideration. It was treated in different transactions as a judgment having consideration, except in a petition in which the judgment debtor alleged that it was without consideration.
The declaration, unconnected and of itself, does not affect whatever right the judgment creditor had.
The rights of both, plaintiff and the third possessor, are reserved— the former to attack and the latter to present all legal pleas in defence.
PRESCRIPTION.
The plaintiff, as an additional ground against the judgment of defendant against Mrs. Schiller, pleads the prescription of ten years.
The ten years had not elapsed at the date of the compromise in 1888.
With reference exclusively to prescription vel non.
We think that the judgment having entered into the compromise, entered into to settle the rights of the parties, that it escapes from the effects of the plea during the suspension which follows the compromise ; that if not settled as intended, it was not subject to the plea.
*1030 That question, in so far as relates to re-inscription, was passed npon and determined in the case of New Orleans Insurance Association vs. Lebranche et al., 31 An. 844.
Interpreting Art. 3409 of the Civil Code, Justice White, for the Court said: “ The servitudes and incorporeal rights which the third possessor holds on the property before his possession of it are revived after his relinquishment, or after the sale under execution made upon him.
‘ ‘ Under this umambiguous provision were Montegut evicted by the benevolence of the law-maker would come the restitutio ad integrum.
“ The annulment or rescission of the sale would have the effect of placing the parties in the position they held before the sale, each party being restored to the rights he then had, and abandoning those which had ineffectually been transported to him,” and citing Larombiere, Vol. 2, p. 286, and Solon, Vol. 1, p. 62, in support.
“ These principles are the outcome of natural justice, and are dictated by the wise motive that courts may not be made the instruments of injustice by lending their aid to enrich one man at the expense of another.”
Particularly with reference to re-inscription the Court in that case holds: “We can not take one provision of the law, that which dictates re-inscription, and abandon every other. * * *
“ The rights being fixed, the reason for inscription ceases. Itwould be indeed an inequitable system which would allow a creditor, whose rights against the proceeds would entitle him to nothing, to lie in wait for the unsuspecting owner and, when the useful time for re-inscription had passed, take by way of action in nullity that which he could not have attained by the timely assertion of his rights.”
It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is hereby annulled, avoided and reversed.
That plaintiff’s mortgage, resulting from the recording of the judgment against the forced heir, Mrs. Schiller, attaches to her portion subject to prior debts.
That the amount of the indebtedness of Mrs. J. B. Schiller to the succession of her daughter, Mary B. Schiller, be ascertained and fixed.
That the residuum be legally established, if any, by reference to her indebtedness and by required proceedings.
Of the thirty-five hundred dollars cash, in compromise of 1888, *1031 the amount paid by O. A. Fairex to Mrs. J. B. Schiller, and whatever effect that payment may have on the value of the residuum is reserved for future decision.
That the case be remanded, to be tried in accordance with the views herein expressed.
The rights of the parties to amend their pleadings, so as to set forth all their claims and pleas, are reserved.
That appellee pay costs of appeal.