## No. 12,751.

### SUCCESSION OF MRS. HELEN C. HALEY.

In fixing the value of fees due by a succession for professional services of physicians, the court is justified in taking into consideration the value of the succession.

The claim that from the moment more than one physician is called in and attends regularly upon a case, every visit made by every physician employed takes rank as a "consultation," can not be listened to. Succession of Duclos, 11 An. 407.

Prescription pleaded against a privilege or mortgage should not be permitted to be urged against the debt which the privilege or mortgage secures. The court should not extend the plea beyond its terms. C. C. 3463.

Upon an application by a natural mother residing in New York to be appointed tutrix of her minor child living here, it is the duty of the court to look after the good of the child rather than consider the feelings of the mother. Where it is convinced that it is for the interest and good of the latter that the child and its property should not be taken from the jurisdiction of the Louisiana courts and beyond their supervision, the application should not be granted.

APPEAL from the Civil District Court for the Parish of Orleans. *Ellis, J.*

---

*Horace E. Upton* and *Farrar, Jonas, Kruttschnitt & Gurley* for Anatole A. Ker, individually, as testamentary executor and applicant for appointment as testamentary tutor, Appellant.

*Albert Voorhies, Henry Chiapella* and *W. J. Formento* for Drs. Formento, Matas, Larue and Mioton, Opponents, Appellees.

*Samuel L. Gilmore*, City Attorney, and *W. A. Sommerville*, Assistant City Attorney, for City of New Orleans, Opponent, Appellee.

Argued and submitted May 21, 1898.
Opinion handed down May 30, 1898.
Rehearing refused June 13, 1898.

The opinion of the court was delivered by

NICHOLLS, C. J.  Several distinct matters are included in the appeal in this court under the above title, brought up in one and the same transcript.

The executor of the estate having filed a provisional account in which Dr. Formento was placed as a privileged creditor for seven hundred and fifty dollars for medical services rendered to the deceased, and Dr. Matas for two hundred and fifty dollars, and in which Drs. Larue and Mioton were entirely left out, the parties named filed opposition thereto, Dr. Formento claiming to be a creditor for three thousand two hundred and sixty dollars, Dr. Matas for five hundred dollars and Drs. Larue and Mioton each for one hundred dollars.

The executor having failed to recognize a claim advanced against the succesion by the city of New Orleans for city taxes on personal property for the years 1884 to 1895, inclusive, with interest, and also for certain taxes on real estate, the city filed an opposition to the account.  Mrs. Jeannette Prescott, as natural tutrix of her child, Charles M. Taite (universal legatee of the deceased), opposed the claim for taxes, pleading the prescription of three years, in bar of the tax lien and privilege.  She prayed that the demand for taxes be rejected.  The District Court sustained the opposition of Dr. Formento, according him twenty-five hundred dollars, and that of Dr. Matas, according him three hundred and seventy-five dollars  It ordered Drs. Larue and Mioton to be each placed on the account for seventy-five dollars.  It sustained the opposition of the cfty of New Orleans for city taxes to the amount of the several tax bills sued upon, with interest as prayed for.

A new trial having been granted, the court amended its former judgment, reducing Dr. Formento's claim as a creditor to one thousand dollars and that of Dr. Matas to three hundred dollars, and according to Drs. Larue and Mioton twenty dollars each.

It recognized the city of New Orleans as a creditor, as per tax bills sued on for city taxes on real estate for the years 1893, 1894 and 1895, but decreed all the other taxes claimed barred by the prescription pleaded.

The executor appealed.

All of the opponents asked that judgment be amended. The city prayed that it be amended by recognizing it as an ordinary creditor for the taxes on movables, as shown by the tax bills on which it declared.

The District Judge, in assigning reasons for the modification of his original judgment, stated that he had not altered his mind as to the actual value of the services rendered by the different physicians, but that the succession was much smaller in value than he had believed it would be, and that that fact was a proper element for consideration in determining the amount of the fees which should be recognized; " that the property of the succession had depreciated, rents had ceased, and there was little left."

This court is not advised of the condition of the estate. The District Court was justified in fixing the fees, in taking into consideration the value of the succession, by the following decisions: Succession of Mager, 12 Rob. 413; Succession of Virgin, 18 An. 42; Succession of Linton, 21 An. 130; Czarnowski vs. Succession of Zeyer, 35 An. 798; Breaux, Fenner & Hall vs. Francke, 30 An. 336.

We do not think that we would be warranted in declaring error in the judgment appealed from in these particular respects.

We think it not amiss, however, to say, that we fully concur with the opinion of this court expressed in the Succession of Duclose, 11 An. 406, in reference to the legality of an extra charge for the visits of a physician, based simply upon the fact that more than one physician should have been called in, and should have regularly attended the patient.

We think the amendment asked for by the city of New Orleans should be made. The plea of prescription set up in the District Court was simply as to the lien and privilege by which the taxes on personal property stood secured. The court should not have

extended the plea beyond its terms (C. C. 3463). The judgment of the District Court in favor of the city of New Orleans is therefore hereby amended so as to recognize it as an ordinary creditor of the succession of Helen C. Haley for the amount of the taxes on personal property (as shown in the tax bills for such taxes declared on), with interest thereon as prayed for, and the executor is directed to pay the same as such in due course of administration; the judgment appealed from in favor of the city of New Orleans, against the said succession, is otherwise hereby affirmed. The judgments in favor of Dr. Felix Formento, Dr. Rudolph Matas, Dr. Felix A. Larue and Dr. Eugene J. Mioton against the said succession are hereby affirmed.

The second question involved in this matter is the correctness or incorrectness of the District Court in confirming Miss Jeannette Prescott as natural tutrix of the minor, Charles M. Taite. She was once before confirmed as such tutrix by that court, but on appeal to the Supreme Court the judgment was reversed and the order of appointment was set aside, as will be seen by reference to the report of the case in the 49th An. 710.

On the return of the cause, she made a second application for appointment and confirmation as natural tutrix of said minor. After hearing evidence, the District Court granted her prayer, and she was confirmed as such.

It is established by the evidence that the applicant is the natural mother of the child; that she was brought to the city of New Orleans about the year 1887 by the deceased, Mrs. Helen C. Haley, who then, and for many years thereafter, was keeping a house of ill fame in that city; that she was then about sixteen years of age; that while an occupant of this house she gave birth to the child referred to. About the year 1889 she returned to New York, where it appears she was the kept mistress of several different persons. When she returned to New York she left the child with Mrs. Haley, who had exclusive charge of him up to the time of her death, on the 23d day of June, 1895. Mrs. Haley left a last will and testament in which she constituted the child as her universal legatee and referred to him therein as her adopted child.

In this will she appointed Anatole A. Ker her testamentary executor and tutor of the child. Ker qualified as executor, but the succession not having been yet fully administered, he failed to qualify as tutor. Matters were in this situation when, on or about the 20th

day of April, 1897, Miss Jeannette Prescott appeared, applying, as mother of the child, to be appointed its natural tutrix. It was upon this application that she was by the *ex parte* order of the District Court, which this court, on appeal, set aside, confirmed as such tutrix.

In the reasons assigned by the District Judge for his recent action he refers to the very strong claims which a mother has to have possession and control over her child, and he expresses his conviction that the mother can, as matters stand, be safely entrusted with its care. Without entering into the details of the testimony in the case, we regret that we do not feel justified in affirming his judgment. There has not been on the part of the mother the interest in its welfare manifested which would indicate any great affection toward it. Through the long interval between her departure from New Orleans to the death of Mrs. Haley, we find no evidence of her having kept in touch with the child other than is shown in a single letter written in 1892, in which she refers to him. While no act of adoption has been produced, and doubtless none was passed, the mother seems to have entirely surrendered the child to Mrs. Haley, who cared for it as her own up to her death.

When Mrs. Haley died, she was supposed to have left a very considerable estate and it was only about fifteen months after the date of the opening of her succession that the mother seems to have been aroused to any interest in her son, who, in the meantime, had been placed by the executor, at the expense of the successsion, in a school presided over by " sisters " of the Catholic church. The child is now under influences which the mother herself could not but commend, and where it is, it will unquestionably receive all possible care and attention. We recognize fully the claims of a mother to have the custody of her child, but we are not satisfied in this case that it would be to the latter's interest, or for its good, that it should be taken from this jurisdiction where the courts of this State could have no supervision over its future condition.

The mother is a resident of New York, and is now in that State. Everything points to an intention on her part to have the child sent to her. She seems, at the present time, to have a position as companion of a widow living in the city of New York, but we are not advised of her having any means of support outside of what pay she can receive from this source. What would become of her, in case she should lose this position, we do not know.

Relations of that character are apt to be broken at any moment. We are afraid that matters would drift back easily to where they were before, and we are not convinced that they have ever been as fully changed as the District Judge supposes. The remark made by Miss Prescott to the Mother Superior of the school where the child is, is calculated to excite grave suspicions on that subject, while she does not seem to have entirely disconnected herself from parties with whom she had formerly associated in New Orleans. The changed mode of life upon which the District Court relies only dates back to a period after Mrs. Haley's death in 1895, when it became a matter of interest to avoid the appearance of wrong. It is to be hoped that the appearances testified to by the lady with whom she is now living, and others, are genuine and true, but one at least of the parties whose depositions are before us is referred to by herself, in her letter to Mrs. Haley in 1892, in terms having a tendency to very much weaken the force of what he has testified to. It is our duty to look after the good of the child, rather than the wishes or feelings of the mother. We wish we could more satisfactorily than we do, see the way clear to their both running in full accord in the same direction, but as matters are, we do not feel warranted in permitting the judgment of the District Court on this subject to stand.

For the reasons herein assigned it is hereby ordered, adjudged and decreed that the judgment of the District Court appointing and confirming Miss Jeannette Prescott as natural tutrix of the minor, Charles M. Taite, be and the same is hereby annulled, avoided and reversed, and the appointment set aside.