No. 9728.
Orleans Appeal.

## CECILE THERIOT, WIDOW GEORGE F. BURCH, Appellant, v. HEIRS OF EVELINA DUGAS, WIFE OF LUCIEN THERIOT.

(April 13, 1925, Opinion and Decree.)

---

*(Syllabus by the Court.)*

1. Louisiana Digest—Taxation—Par. 322.
A redemption of a tax sale by a co-proprietor is not translative of title.

2. Louisiana Digest—Mortgages—Par. 66, 78, 116, 201.
When a mortgagee acquires title to the property mortgaged which is subsequently set aside the mortgage revives.

3. Louisiana Digest—Mortgages—Par. 66, 93, 116, 201.
The purchase by the mortgage creditor releases the mortgage, but does not destroy the debt, or affect the right of the creditor to enforce the payment of it; when the creditor allows the debt to prescribe he can no longer enforce the mortgage.

4. Louisiana Digest—Mortgages—Par. 123
A mortgage ceases to exist when the debt it was intended to secure becomes prescribed.

5. Louisiana Digest—Prescription—Par. 56 218, 219; Pleading, Par. 63.
Courts cannot supply the plea of prescription.
(Civil Code, Art. 3464. Editor's note.)

6. Louisiana Digest—Prescription—Par. 70; Pleading—Par. 24, 34.
When a suit is filed against several joint obligors, it cannot be dismissed on the plea of prescription urged by one only, but only as to him.

Appeal from 27th Judicial District Court for the Parish of St. James, Hon. Lucien A. LeBlanc, Judge.

Mrs. Lucie Burch, one of the defendants herein, has enjoined an order of seizure and sale issued herein, against her and others. Injunction was made perpetual.

Judgment amended and affirmed.

Marcus & Corkern, attorneys for plaintiff and appellee.

Benj. W. Kernan, attorneys for defendant and appellant.

CLAIBORNE, J. Mrs. Lucie Burch, one of the defendants herein, has enjoined an order of seizure and sale issued herein, against her and others.

The petition of Cecile Theriot, Widow Burch, alleges that by an Act passed before the Clerk of the Parish of St. James on October 12, 1894, Evelina Dugas, widow

Lucien Theriot, subscribed a promissory note also dated October 5, 1894, and payable at one year after date for the sum of $512.00 and secured the payment of said note by mortgage upon a certain tract of land situated in the Parish of St. James; that said note was acquired by the plaintiff immediately after its execution and that she has held and owned the same ever since, and that it remains unpaid; that since the making of said note the maker thereof, Widow Lucien Theriot, died in December, 1897; that she left the property above described and seven children, of whom plaintiff, Cecile Theriot Burch, is one. She prayed for executory process and that the other children and heirs of Widow Lucien Theriot and her co-heirs be notified thereof.

The writ issued as prayed for.

Lucie Theriot, widow Antoine Burch, one of the children and heirs of Widow Lucien Theriot, and co-proprietor for one-fourteenth, made defendant herein, enjoined the writ of executory process for the whole on the allegation "that the note sued on dated Octobr 5, 1894, and due October, 1895, was prescribed upon its face, being more than five years old from maturity, and that under S. 8 of Article 739 of the Code of Practice, she was enttled to an injunction to arrest the sale of the property.

By motion, the plaintiff in injunction, Lucie Theriot Burch, was summoned to establish her allegation of prescription.

After trial, the injunction was made perpetual.

The plaintiff admits that the note upon its face appears prescribed; but pleads that the prescription has been suspended by the following facts:

In May, 1897, the property mortgaged was sold for taxes and purchased by L. J. Peyret. By Act dated January 10, 1898, Peyret sold the same to the plaintiff herein Cecile Theriot Burch. By judgment of the District Court rendered in February, 1922, affirmed by this Court in January, 1923, it was decided that the sale by Peyret to the plaintiff herein was in effect a redemption of the property and not a sale, and that the plaintiff acquired no title to the property, and that her purchase or redemption was merely a payment of the taxes for the benefit of all the co-proprietors. No. 8614 Ct. App.

The contention of the plaintiff is that the tax redemption sale suspended the prescription from the date of said sale up to the date of the judgment declaring that it was not translative of title, that is, up to January, 1923, and that the suit for executory process herein was filed on March 7, 1923.

She bases her contention upon the decisions of the Supreme Court that when a mortgagee acquires title to the property mortgaged which is subsequently set aside the mortgage revives. Millaudon vs. Allard, 2 La. 551; Ledoux vs. Buhler, 21 La. Ann. 130; Police Jury vs. Duralde, 22 La. Ann. 107, 109; Citizens Bank vs. Knapp, 22 La. Ann. 117; John Chaffe & Bro. vs. Morgan, 30 La. Ann. 1307; New Orleans Insurance Assn. vs. LaBranche, 31 La. Ann. 839; Spencer vs. Goodman & Bradfield, 33 La. Ann. 898; Citizens Bank vs. Hyams, 42 La. Ann. 729, 7 South. 700; Pugh vs. Sample, 123 La. 791, 49 South. 526; St. Charles Street R. Co. vs. Fairex, 46 La. Ann. 1030, 15 South. 421.

But in all those cases the judicial sales were translative of title by their nature and the purchasers could not have a mortgage upon their own property. But in the case under consideration the redemption sale to the plaintiff herein conveyed no title whatever; it was merely a payment of the tax.

But the case of Dawson vs. Thorpe, 39 La. Ann. 366, 1 South. 686, puts the whole question beyond the pale of discussion. In that case the Court mentions two of the above

decisions, New Orleans Insurance Assn. vs. LaBranche, 31 A. 839, and Spencer vs. Goodman & Bradfield, 33 A. 898, and concludes:

"The purchase by the mortgage creditor, while extinguishing the mortgage, did not destroy the debt or affect the creditor's right and power to enforce payment of it and to prevent its prescription. Having suffered the debt to become extinguished, his mortgage is necessarily destroyed, and he has no more right to enforce it when the debt has been extinguished by prescription than if it had been extinguished by payment."

The distinction between the interruption of prescription of the note or obligation and the mortgage is drawn in that case, and attention is called to the fact that in New Orleans Insurance Assn. vs. LaBranche, 31 A. 839, the court passed upon the prescription of the mortgage and not of the obligation. The rights of the plaintiff as holder of the note were entirely separate and apart from her rights to the mortgage securing the payment of the note. While the redemption tax sale, if it had been translative of title, might have released the property from the mortgage, it could not affect the note in any other manner. After the death of Widow Theriot there was nothing to prevent the plaintiff from suing her co-heirs upon the note.

The learned counsel for plaintiff admits that a mortgage ceases to exist when the debt which it was intended to secure becomes prescribed. C. C. 3285.

Auguste vs. Renard, 3 R. 389; Shields vs. Brundige, 4 La. 326; Lanusse vs. Minturn, 11 La. 256; Robillard vs. Poydras, 11 La. 280; Le Beau vs. Glaze, 8 La. 474; Amado vs. Breda, 16 La. 257; Weil vs. Jacobs' Estate, 111 La. 357, 35 South. 599; Pons vs. Yazoo & M. V. R. R. Co., 122 La. 159, 47 South. 449.

We find no support to the proposition that because the plaintiff took possession of the property mortgaged, that it operated in her hands as a pledge which constituted a constant acknowledgment of her note.

The truth is that up to the time of filing the suit she asserted possession by right of ownership for herself and not as a pledgee or as trustee for others.

But the judgment of the District Court exceeds the right of the plaintiff in injunction. She is owner only of one one-fourteenth of the property seized. She can only ask for an injunction concerning her interest. She cannot vicariously represent her co-heirs. Her only defense to the note is prescription. C. C. 3463. "Courts cannot supply the plea of prescription." C. C. 3464, Gaines vs. Succession of Del Campo, 30 La. Ann. 246; Martin vs. Kirkpatrick, 30 La. Ann. 1215; Williamson vs. Richardson, 30 La. Ann. 1165; Schorr vs. Woodlief, 23 La. Ann. 473; Dunbar vs. Nichols, 10 M. 184; 1 N. S. 317; Norton vs. Doherty, Citizens Bank, 21 La. Ann. 395; State of Louisiana vs. Easton Hoffpauer, 21 La. Ann. 609; Ashbey vs. Ashbey, 41 La. Ann. 102, 5 South. 539; State vs. Baten, 48 La. Ann. 1538, 21 South. 119; Succession of Haley, 50 La. Ann. 840, 24 South. 285. The plea must be confined to the person making it. Durnford vs. Clark's Estate, 3 La. 199, 205; Waldron vs. Turpin, 15 La. 551.

It is therefore ordered that the judgment herein be amended by providing that the injunction prayed for by Lucie Theriot, Widow Antoine Burch, in so far as her share or one-fourteenth of the property concerned, be made perpetual, but that for the share of the other heirs, or five-fourteenths, it be rejected; the costs of the District Court to be paid by the plaintiff Cecile Theriot Burch, and the costs of appeal to be paid by Lucie Theriot, Widow Antoine Burch.