SHIELDS *vs.* BRUNDIGE.

APPEAL FROM THE THIRD JUDICIAL DISTRICT.

Where the payment of a note is secured by mortgage, if the note become prescribed, the mortgage is without effect.

The facts are stated in the opinion of the court, delivered by MATHEWS, J.

The plaintiff, as holder of certain promissory notes made payable to one E. T. Hale, and by him endorsed in blank, sues by attachment to recover the amount of these notes from the maker.

The counsel appointed to defend the absent debtor pleaded in defence the prescriptions of five and ten years. This plea was sustained by the court below, and judgement accordingly rendered, from which the plaintiff appealed.

The most important question presented in this case for decision, arises out of the circumstance of the payment of the notes having been secured by a mortgage reserved on the property which the defendant purchased from Hale the payee, and for the payment of the price of which they were given.

Five years having elapsed since the promulgation of the Louisiana Code previous to the commencement of this suit, it is admitted that the action on the notes in question is barred by the prescription of this period, and the plaintiff's counsel relies solely on the obligation created by the mortgage. This being an accessory to the principal obligation (according to the doctrine generally received as true on this subject), became extinct by the extinguishment of the principal.

Where the payment of a note is secured by mortgage, if the note become prescribed, the mortgage is without effect.

But it is contended that a prescription which bars the action does not extinguish the obligation on which it may be founded. By our jurisprudence, a plea of prescription is a peremptory exception which puts an end to the suit and constitutes a perpetual bar to recovery. It is not easy to distinguish between an obligation which can never be enforced

and one extinct. Whatever opinions may have been expressed by the commentators on French laws in relation to this subject, and if we should admit that a preponderance amongst them prevails in favor of the doctrine contended for by the plaintiff in the present instance, still it cannot, in our opinion, avail him, being contrary to the rules established by the textual provisions of our code. The article 3420 declares prescription to be a manner of discharging debts. Article 3422 states that "the prescription by which debts are released is a peremptory and perpetual bar to every species of action, real or personal." Perhaps the soundest principle on which prescription may be considered as a just and equitable discharge of debts, is the presumption of payment by the lapse of time; and on this principle the obligation to pay is clearly extinct. The provisions of the article 3494 are similar to those already cited; and the article immediately succeeding provides that the debtor is not only released, but the owner of an estate encumbered with real rights, is released from them. Certainly any thing which releases a debt, frees the debtor from his obligation to pay, which thereby becomes extinct. It being then admitted that the obligation to pay is principal, and the mortgage accessory, and that an extinguishment of the principal obligation *ipso facto* extinguishes the accessory, the conclusion is clear and just that the prescription in the present case, which destroyed the debt, leaves the mortgage without effect.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be affirmed, with costs.