LANUSSE vs. MINTURN.

APPÉAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

The hypothecary action is barred by the lapse of ten years after the plaintiff's right to sue accrued, and before the institution of suit.

In a petitory action, where the defendant holds by a title translative of property and in good faith, after the lapse of ten years he will hold the property against a better title, by prescription *acquirendi causâ.*

So, where the title of the plaintiff is barred by prescription *acquirendi causâ*, he cannot *à fortiori*, enforce a mortgage or real right to the property when the prescription *liberandi causâ* is opposed to him.

This is an hypothecary action. The plaintiff alleges that while the community of property existed between her and her late husband, Paul Lanusse, he purchased a valuable house and lot in the city of New-Orleans, at the corner of Bienville and Dauphine streets, which he afterwards sold, and is now in the possession of the defendant. She further shows that her husband becoming much embarrassed about the year 1822, she renounced by notarial act, the community of acquests and gains, and claimed her paraphernal and dotal rights, amounting to ninety-one thousand one hundred and three dollars. That the sum of fifty-four thousand five hundred and forty-three dollars is still due to her from her late husband; and that in consequence of her legal mortgage, the house and lot thus sold by her husband is liable to pay the balance, or so much of her said claim as it will sell for. She prays that she have judgment enforcing her said mortgage.

The defendant pleaded a general denial, and averred that he purchased the property in question from the syndic of the creditors of J. H. Martinstein, who is bound to warrant and defend his title.

The syndic denied every allegation in the petition, and averred that Martinstein purchased said property from Jean

Lanna, by notarial act, dated the 28th October, 1818, whom he cites in warranty.

Lanna pleaded a general denial, and averred that he purchased the premises from P. Lanusse, the plaintiff's husband, in 1819, and that she joined in the act of sale and renounced every privilege or mortgage she might have on said property, in favor of the purchaser, and which she was permitted to do by the laws then in force.

In a supplemental answer all the defendants joined in the plea of prescription.

Upon these issues the cause was tried before the court.

The evidence showed that on the 28th October, 1818, Lanusse sold to Lanna the present house and lot, and one in St. Louis street, for fifty thousand dollars, in cash, paid in presence of the notary. Mrs. Lanusse did not join in this sale or make any renunciation whatever. On the 24th February, 1819, Lanna re-conveyed this property to Lanusse for the same price, who, on the 21st September, 1819, sold the house and lot in question, to Lanna, for twelve thousand dollars, and in the act of sale the wife joined and renounced all her rights thereon in due form of law.

This suit was instituted the 18th June, 1835. On the 22d May, 1822, by notarial act, the plaintiff renounced the community existing between her and her husband, in consequence of his insolvency.

The district judge was, however, of opinion, that the renunciation of the plaintiff in the sale to Lanna, was valid and binding on her, and gave judgment for the defendant. The plaintiff appealed.

*Magnin*, for the plaintiff, contended, that her claim was fully established by the judgment against her husband, which shows the amount due to her as paraphernal effects, and recognizes her legal mortgage on the property of her husband for its restitution. This judgment was rendered in the *concurso* of creditors, in the case of the Planter's Bank *vs.* Lanusse. 12 *Martin*, 167.

33

2. The judgment of the plaintiff is full evidence of her claim, even against a third possessor of property purchased originally from her husband. See 11 *Martin*, 607. 1 *Martin, N. S.*, 1, 12, 62. 3 *Ibid.*, 229. 4 *Ibid.*, 368.

3. This case is identically the same as that of Lanusse *vs.* Lanna, 6 Martin, N. S., 103 ; in which the present plaintiff was allowed her right of mortgage against the creditors of her husband. There is only a slight variation in the two cases, as to the manner and form of the sale. In this one from Lanusse to Lanna, there is a pretended renunciation of the wife set up. See also the case of M'Carty *vs.* Fanchon. 6 *Martin, N. S.*, 116.

4. The last act of sale from Lanusse to Lanna makes no mention of the act of retro-cession, and was passed before a different notary, consequently the wife was ignorant of all this, and made her renunciation in error.

5. The consideration having been paid in cash in the first sale, to which the wife was no party, there was no consideration in the second, to which she renounced, consequently her renunciation is null and void.

6. The last act of sale was passed before a different notary from the one before whom the first sale and retrocession were made, in order that he might not know how to trace the title and mention these facts, and with a view to conceal these alienations from Mrs. Lanusse.

7. The first sale is perfect and valid between the parties but has no binding effect on Mrs. Lanusse, because she was no party thereto. But the second sale before a different notary without mention of the former one, and not tracing the title to the same source ascending, is a nullity, because by the first sale Lanusse was divested of his right to this property, which became vested in Lanna. *Louisiana Code,* 2418, 2427. *Pothier de la Propriété, Nos.* 323, 326.

8. .There was no consideration for the second sale, and the renunciation of the wife was obtained through error, and is therefore null. *Louisiana Code,* 1818–19, 1890, 1835, 1813 to 42, 3323–4, 2414, 2439, *and Rogron's note to article* 1591 *of the Code Napoleon.*

9. The prescription pleaded by the defendants cannot avail them in this case. The plaintiff's rights accrued under the Civil Code of 1808, in which the prescription of mortgages and the hypothecary action is fixed at thirty years. *Civil Code, page* 473, *article* 81, *No.* 3.

10. Under the Louisiana Code this prescription is fixed at ten years, but it can only run from the date on which this code was in force, which was the 20th June, 1825. This suit was commenced the 18th June, 1835.

*Slidell, Locket, Hoa* and *Canon,* for the defendant and the warrantors, relied on the effect to be given to the renunciation of the wife, who is the present plaintiff, in the act of sale, to the property in dispute.

2. Prescription is complete ; more than ten years having elapsed since the promulgation of the Louisiana Code, to the institution of this suit. The code was promulgated and in force in the parish of Orleans, where these transactions took place, the 20th May, 1825, and suit was not commenced until the 18th June, 1835.

*Bullard, J.,* delivered the opinion of the court.

The plaintiff seeks to enforce a legal mortgage upon certain real estate, sold by her late husband P. Lanusse, in 1819, and now owned by the defendant. The defence set up in the answer is, first, that the plaintiff, then the wife of Lanusse, intervened in the sale, and formally renounced her tacit or legal mortgage on the premises ; and second, the prescription of ten years.

We have not thought it necessary to inquire into the solidity of the first ground of defence, being satisfied that the plea of prescription ought to be sustained.

The Louisiana Code began to operate here on the 20th May, 1825, and this suit was instituted on the 18th June, 1835. During those ten years, and for some time preceding the promulgation of the code, the plaintiff was capable of proceeding to enforce whatever right she had, having renounced the community.

EASTERN DIST.
*June,* 1837.

LANUSSE
*vs.*
MINTURN.

The hypothecary action is barred by the lapse of ten years, after the plaintiff's right to sue accrued, and before the institution of suit.

EASTERN DIST.    If this were a petitory action, and the defendant had set
*June*, 1837.    up prescription *acquirendi causâ*, however valid may have
MECHANICS' AND   been the title of the plaintiff originally to the property itself,
TRADERS' BANK    and however superior to that of the defendant, we have no
*vs*             doubt the plea must have prevailed, because the defendant
BANKS.           holds under a title translative of property, and in good faith.
In a petitory    How is it when the plaintiff asserts only a real right in the
action, where    thing and seeks to have the property sold for her benefit?
the defendant
holds by a title
translative of
property and in  Independently of all positive authority on the subject, it would
good faith, after seem as clear as that the greater includes the less, that if she
the lapse of ten could not recover the property in a real action, she could not
years, he will
hold the proper- *à fortiori*, enforce any real right in it, when the prescription
ty against a bet- *liberandi causâ* is opposed to her.    But the code contains a
ter title by pre-
scription *acqui-* positive enactment on this subject.    " This prescription has
*rendi causâ.*    also the effect of releasing the owner of an estate from every
So, where the
title of the plain- species of real rights, to which the property may have been
tiff is barred by subject, if the person in possession of the right has not exer-
prescription *ac-*
*quirendi causâ,* cised it during the time required by law."    *Louisiana Code,*
he cannot, à *article* 3495.    4 *Louisiana Reports,* 326.
*fortiori,* enforce
a mortgage or
real right to the    It is, therefore, ordered, adjudged and decreed, that the
property when
the prescription judgment of the District Court be affirmed, with costs.
*liberandi causâ*
is opposed to
him.