## FRANÇOIS AUGUSTE v. MAGDELAINE RENARD.

Where a note, secured by mortgage, is prescribed, the mortgage is necessarily extinguished. A mortgage can only exist as an accessary to a principal obligation, with the extinction of which it disappears. C. C. 3251, 3252, 3374.

The transfer of a negotiable note, by endorsement, operates a transfer of any mortgage given to secure its payment. C. C. 2615.

APPEAL from the District Court of the First District, *Buchanan*, J.

*D. Seghers*, for the appellant.

*F. B. Conrad*, for the defendant.

MORPHY, J. The defendant being sued on a note for $3900, secured by a mortgage on several slaves, set up, among other means of defence, the prescription of five years, under article 3505 of the Civil Code. This plea was sustained by the court below, and judgment entered up accordingly, from which the plaintiff appealed.

The appellant admits that the note is prescribed; but, seeking to separate the mortgage from the note, he contends that his claim is based entirely on the acknowledgment of defendant's indebtedness to him contained in the notarial act, and that, although he has lost all claim under the note, he can yet maintain a personal action on such acknowledgment. This case is not to be distinguished from that of *Shields* v. *Brundige*, 4 La. 326. It is clear that a mortgage can exist only as an accessary to a principal obligation, and that, when the principal obligation is extinguished, the mortgage is without effect. Civ. Code, arts. 3251, 3252, and 3374. By throwing the defendant's obligation to pay into a negotiable shape, and making it transferrable by endorsement and delivery, the plaintiff has subjected it to the prescription of five years, provided by article 3505. A transfer of the note, by endorsement, would have operated a transfer of the mortgage. Civ. Code, art. 2615. How then can it be said that the mortgage is not an accessary of the note, or that it can have any effect after the note has been prescribed. Troplong, Privilèges et Hypothèques, No. 846. Ib., Prescription, Nos. 29–34.

*Judgment affirmed.*