M. P. Adle et als, v, Narcisse Prudhomme and Wife.

The hypothecary action against the third possessor, who holds in good faith, by a title translative of property, is prescribed by the lapse of ten years. C C. 3442 ; 11 L R. 256.

A compromise has between the interested parties the force of the thing adjudged, It may be rescinded by a direct action, for error in calculation, error in the person or matter in dispute, for fraud or for duress. But it cannot be attacked for error of law or for lesion. C. C. 3045, 3046.

A PPEAL from the District Court of Natchitoches, *Chaplin*, J.

*J. G. Campbell* and *H. Safford*, for plaintiffs and appellants. *John B. Smith*, for defendants.

BUCHANAN, J. Plaintiffs bring this hypothecary action against defendants, third possessors of property formerly belonging to plaintiffs' father and tutor, Baptiste Adlé. They claim that the property is subject to their tacit mortgage, for the sum of about twelve thousand dollars, balance due them by their tutor, as per account of tutorship, and judgment thereupon.

The land on which plaintiffs seek to enforce their mortgage, is the separate property of Mrs. Prudhomme, one of the defendants, by inheritance from her father, Charles Noyrit, deceased. Charles Noyrit purchased the land from Baptiste Adlé on the 29th March, 1844.

Defendant pleads:

1. The prescription of ten, fifteen and twenty years.

2. That the account of tutorship, and judgment thereupon, referred to in the petition as the basis of the demand of plaintiffs, were rendered through fraud and collusion of Baptiste Adlé and the plaintiffs; that the balance appearing in said account and decreed in said judgment in favor of plaintiffs was not due by their tutor, who neglected to credit himself with debts of the community paid by him, and particularly with a debt of twenty-five thousand dollars due Charles Noyrit, and in part payment of which debt (for which plaintiffs were liable, as heirs, to their mother) this very land was conveyed by Adlé to Noyrit; that any sum that may have been due, has been settled by various transactions, and particularly by a notarial act of the second February, 1846.

3. The exception *cedendarum actiorum;* that by the acts of plaintiffs it has become impossible for them to subrogate defendant, in case of payment, to their right of mortgage against their tutor.

The cause was tried by a jury, who found in favor of defendant.

The first question to be decided is that of prescription. Defendant relies upon article 3442 C. C., and upon the case of *Lanusse* v. *Minturn*, 11 La. 256.

In *Lanusse* v. *Minturn*, the Court held the hypothecary action to be prescribed by the lapse of time which bars the petitory action. Judge Bullard, as the organ of the Court, used the following language: "Independently of all positive authority on the subject, it would seem as clear as that the greater includes the less, that if the plaintiff could not recover the property in a real action, she could not, *a fortiori*, enforce any real right in it when the prescription *liberandi causa* is opposed to him. But the Court contains a positive enactment on the subject, in article 3495." This Court also quoted 4 La. 326.

It is argued by counsel of plaintiffs, that this case (*Lanusse* v. *Minturn*) has been overruled by the case of *Bibb* v. *Union Bank*, 3 An. 334. But on examining the report of this last case, we find that *Lanusse* v. *Minturn* was not so much as quoted, either in the argument of counsel or in the

ADLE
v.
PRUDHOMME.

opinion of the Court. Neither is the article 3495 of the Code, mentioned in the Bibb case; but Judge Rost decided the latter entirely upon a comparison of the article respecting the extinguishment of mortgages in the Napoleon Code (2180) with the corresponding article (3374) of our Code.

As neither the reasoning of the Lanusse decision, nor the authorities cited in support of it are noticed, we have no reason to suppose that it was the intention of the court which decided the Bibb case to overrule that of Lanusse; but may with more reason conclude that had that case and the article 3495 been brought to their notice, they would have found themselves relieved from the necessity of deciding the case upon the construction of the other article, 3374. As to the other case quoted by counsel of plaintiffs, *Maurice* v. *Douglass*, 12 An. 715, it is of no weight; for in that case, it appears that the ten years required for the prescription, relied upon by the defendant, had not run out when that action was brought. In the present case, that period had elapsed between the acquisition of the land by defendant's father (27th March, 1844) and the service of citation herein (14th September, 1859). The reasoning of the Court in *Lanusse* v. *Minturn* is satisfactory to us; and we adhere to the doctrine there established, that the hypothecary action against the third possessor, who holds in good faith, by a title translative of property, is prescribed by the lapse of ten years.

The proof in support of the second ground of defence seems also to justify the finding of the jury.

It is proved that this very land, upon which the plaintiffs now claim to exercise the hypothecary action as heirs of their mother deceased, was conveyed to defendant's ancestor, in payment of a debt of the community of Adlé and wife to Noyrit, for which plaintiffs were bound as heirs of their mother, and for which Noyrit had instituted a suit. The act of sale expresses that the sale is made in settlement of this suit, which Noyrit, the plaintiff and vendee, agrees forthwith to dismiss. An attempt is made in argument to show that the balance due by Adlé to Noyrit was not so much as stated in this conveyance; plaintiffs cannot be allowed to invalidate this compromise collaterally. A compromise has between the interested parties (and these plaintiffs were parties in interest, as we have seen) the force of the thing adjudged. It may be rescinded by a direct action, for error in calculation, error in the person or matter in dispute, for fraud, or for duress. But cannot be attacked for error of law, or for lesion. C. C. 3045, 3046. There is nothing in the pleadings, or in the evidence before us, which warrants the application of these legal principles in the present case.

We consider it unnecessary to pass upon the third ground of defence (the exception *cendendarum actiorum*).

It is, therefore, ordered, adjudged and decreed, that the judgment appealed from be affirmed, with costs; and it is further ordered, in conformity to the agreement of counsel filed, that this opinion and decree, after being recorded by the Clerk of the Supreme Court at New Orleans, be forwarded, in original, together with the transcript of the record, to the Supreme Court at Alexandria; that the parties have whatever delay for making their application for re-hearing, they have reserved in their written agreement.

VOORHIES, J., absent.