Ilsley, J.
In the year 1841, the widow and heirs of Manuel Prados, Sr., (of whom Manuel Prados, Jr., was one) sold a lot of ground, with the buildings thereon, to Manuel Blasco, by a notarial act, which was duly recorded, and in which the property is said to be free of mortgages. In 1839, Thomas Banks had obtained a judgment against Manuel Prados, Jr., which was duly recorded in the same year, and reinscribed in 1849 and 1859.
This judgment was purchased in 1843 by Oyrot Gentes, the plaintiff in this suit.
There is nothing in the record to show that this judgment was ever revived as required by the provisions of the act of the Legislature Of 1853.
*404 The present suit "was brought in March, 1S60, and it is admitted thatin the interval between the d.ifce. of the judgment and the date of this suit, Manuel Blasco was and remained in the full, public, peaceable and undisturbed possession of the property.
The question presented is, can Manuel Blasco, who has sot up the prescription of ten years against the plaintiff’s hypothecary action, be compelled to pay the said judgment, or in default thereof, has the judgment creditor the legal right to have the defendant’s lot of ground acquired by him as aforesaid, seized, and. sold to satisfy his claim?
The doctrine taught in Lanusse v. Minturn, 11 La. 256, was to the effect that 3, plaintiff, whose title is barred by prescription, acquirendi causa, cannbt a fortiori enforce a mortgage or real right to the property, when prescription liberandi causa is opposed to him.
This decision was followed in 3 A. 334, by that in Bibb v. The Union Bank of Louisiana, wherein a different doctrine prevailed, viz: that the prescription against mortgages can only be acquired by the time fixed by law for the prescription of the hypothecary action, but, that prescriptive time is not in that case determined.
And to this last decision succeeded the case of Adlé v. Prudhomme and Wife, 16 A. 343, in which the two preceding cases are reviewed, and this Court therein unhesitatingly adopts, as the correct principle, that enunciated in the case of Lanusse v. Minium.
The tranquility of tho^e who possess, under the legal conditions immovable property, renders it necessary that tliis vexed question should be definitely set at rest; and hence, we have examined it critically in the abstract, with the view of testing the correctness of the last ruling in the reviewing decision of Adlé v. Prudhomme, and which we sanction as applicable to the present case.
It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed, at the costs of the appellant.
Upon the principle of stare decisis, we concur in this decree.
R. K. Howeed.
Zenok Labauve.