STATE ex rel. LANDRY v. BROUSSARD, Clerk of Court, et al.

No. 1767.

Court of Appeal of Louisiana. First Circuit.

Dec. 9, 1937.

J. O. Broussard, of Abbeville, for appellant.

Kibbe & Bailey, of Abbeville, for appellee.

OTT, Judge.

The relator, Duclas Landry, seeks by mandamus to compel the clerk of court and recorder of Vermilion parish to cancel and erase from the records of the parish the inscription of a special mortgage and vendor's privilege given by him on January 24, 1918. On the date mentioned, relator purchased two tracts of land from Aurelien E. Broussard for a recited consideration of $3,500, of which amount $500 was paid in cash, and the balance was represented by ten promissory notes of relator for $300 each, due January 2, 1919, and annually thereafter; the last note maturing on January 2, 1928. These notes bore interest from date and were secured by a vendor's privilege and special mortgage on the property conveyed. The act of mortgage and vendor's privilege was duly recorded in the mortgage records

of the parish on February 9, 1918, and the same was reinscribed on February 16, 1927.

The first four notes were paid. Nothing was paid on the principal of the last six notes aggregating $1,800. The last payment was made on May 2, 1930, to apply on the interest, and which paid the interest to June 4, 1928.

These six notes are held by the Latrielle Estate, Inc., of Jennings, La., and this holder was made a party to these proceedings. The erasure and cancellation of the inscription of the vendor's privilege and special mortgage is sought on the ground that the inscription resulting from the recordation of the act of sale in the mortgage records, and its re-inscription therein in 1927, have prescribed under article 3369 of the Revised Civil Code, as amended by Act No. 50 of the year 1924, and for that reason the effect of the registry has ceased to exist; that the notes identified with the credit sale and special mortgage have prescribed under article 3540 of the Revised Civil Code.

The holder of the notes appeared and filed an exception of no cause or right of action which was referred to the merits. This defendant then filed an answer denying 'that the notes were prescribed and averring that the reinscription of the act preserved the vendor's privilege and special mortgage to January 2, 1939.

The case is before us on an appeal by the holder of the notes from a judgment ordering the erasure and cancellation of the vendor's privilege and special mortgage.

A mortgage is accessory to a principal debt which it is designed to strengthen and secure, from which it results that, when the principal debt is extinguished, the mortgage falls with it. R.C.C. arts. 3284 and 3285. Therefore, where the debt, or the principal obligation, is represented by a note and the note becomes extinguished by prescription, the mortgage securing the note becomes without effect as there is no longer anything to secure, and no further reason for the mortgage to continue. Shields v. Brundige, 4 La. 326; Auguste v. Renard, 3 Rob. 389. There is no dispute in this case in so far as the prescription of the six notes is concerned, as more than five years elapsed from the last payment in 1930 until the suit was filed in 1937, and no interruption of prescription is alleged or proved in the interim. It follows that the special mortgage securing the notes is no longer in effect.

But counsel for the holder of the notes contends that the vendor's privilege does not fall on the prescription of the notes as this privilege is separate and distinct from the special mortgage and is part of the sale itself and arises from the nature of the debt. It is true that a vendor's privilege and a special mortgage may coexist on the same property and the one be renounced or extinguished without affecting the other. Boner v. Mahle, 3 La.Ann. 600; Citizens' Bank v. Cuny, 12 Rob. 279. But a privilege, like a mortgage, must have as its basis a principal obligation for which the creditor is given a preference over the other obligations of his debtor. R.C.C. arts. 3184 and 3186.

Under article 3249 of the Revised Civil Code, the vendor of an immovable is given a privilege on it for the payment of the price, whether the immovable was sold on or without a credit. And in order to preserve this privilege, the vendor is required to record the act of sale in the mortgage records. R.C.C. art. 3271. These requirements were complied with in this case, and there is no question but that the vendor's privilege existed on the property sold relator along with the special mortgage granted thereon.

The next question to consider is: Has this vendor's privilege been discharged along with the special mortgage by the prescription of the notes given as part of the purchase price? We think it has. The privilege was discharged with the discharge of the debt that gave birth to it under the plain provisions of article 3277 of the Revised Civil Code, paragraph 3.

The notes, by the express agreement of the parties to the act of sale, represented the balance of the purchase price. The obligation of the purchaser to pay this balance of the price was coextensive with his obligation to pay the notes. A payment of the notes by him would have discharged his obligation to pay the balance of the price and thus operated as a discharge of the vendor's privilege as there would have been no longer any debt to serve as the basis of a preference in favor of the vendor. These last six notes have been just as completely and effectively discharged by prescription as the first four were by payment.

The notes were the primary obligation of the relator, and had these six notes been kept alive by the interruption of prescription, both the mortgage and the

vendor's privilege securing their payment would have been likewise kept alive and operative against the property, regardless of any reinscription of the act of sale under article 3369 of the Revised Civil Code, as relator was one of the parties to the act. Harman & Stringfellow v. Legrande et al., 151 La. 253, 91 So. 726; Commercial Nat. Bank of Shreveport v. McDaniel (La.App.) 156 So. 43. It is therefore immaterial whether or not the act creating the vendor's privilege and special mortgage was timely re-inscribed under Article 3369 of the Revised Civil Code. The primary obligation no longer exists, and there is nothing to form the basis for either the privilege or the mortgage. Relator is entitled to have the inscription against his property canceled and erased. Commercial Nat. Bank v. Henderson (La.App.) 173 So. 790.

For the reasons assigned, the judgment is affirmed, at the cost of the appellant.