FRUGÉ, Judge.
■ On March 20, 1973, Florence Joseph Sli-man, instituted this suit to rescind the sale by her to Hal D. McBee and Marilyn Sli-man McBee, dated March 28, 1968. The basis of the rescission was nonpayment of the purchase price. The suit also asked that the purchasers be discharged from the unpaid portion of the purchase price, and further asked for judgment against the purchasers for the amount received by them from the sale of portions of the property over and above the amounts paid to the seller. The St. Landry Bank and Trust Company as the holder of mortgages on the property placed thereon by the defendants was made a party defendant in the present case. The bank answered alleging various defenses. The purchasers did not answer. The plaintiff took a preliminary default against these defendants, and on January 10, 1974, the District Court granted judgment decreeing that the petition of Florence Joseph Sliman be dismissed with full prejudice and accordingly there be judgment in favor of the defendants herein rejecting all demands at the costs of the plaintiff. From this judgment, the plaintiff perfected an appeal. The District Court decision is affirmed.
By act of sale dated March 28, 1968, Florence Joseph Sliman, the widow of Joseph Sliman, sold to Hal D. McBee and Marilyn Sliman McBee certain described property in the Indian Hill subdivision within the City of Opelousas, St. Landry Parish, Louisiana. The act of sale contained the following language :
“It is agreed between the parties that the notes hereinabove described shall be and remain a personal obligation of the makers and their heirs, but no lien shall exist on the lots herein sold securing payment of said note.”
There was no mortgage which accompanied this act of sale, nor was the act of sale filed in the mortgage records of the Clerk of Court.
On March 28, 1969, Florence Joseph Sli-man filed a lawsuit against the McBees in which she alleged that she was entitled to a vendor’s privilege for the purchase of the property herein in question. She further alleged that she was entitled to have the sale cancelled and erased from the conveyance records of the Clerk of Court for the Parish of St. Landry. In a supplemental petition in that lawsuit, Mrs. Sliman realleged that she was entitled to a cancellation of the sale of the property herein in question, and she again prayed for judgment cancelling and rescinding the sale of the property.
By act of compromise dated November 6, 1969, Mrs. Sliman entered into a compromise agreement with Hal McBee and *587 Marilyn McBee which resolved the differences that had resulted in the above lawsuit and provided for payment of three of the four notes which had been given by the McBees to Mrs. Sliman as part of the consideration in the original sale. As part of the compromise agreement, all parties agreed to dismiss the lawsuit which had been filed by Mrs. Sliman. A judgment of dismissal with prejudice was signed on November 18, 1969.
In September of 1970, the McBees mortgaged the property in question and in connection therewith, they executed three mortgage notes in the total amount of $68,800.00. After the McBees had defaulted in their payments, St. Landry Bank and Trust Company filed suit on these three mortgage notes against the McBees. An intervention was filed by Mrs. Sliman, in which she alleged that Mr. and Mrs. Mc-Bee had defaulted in their payments to her on the notes referred to in their compromise agreement, for judgment against the McBees for the unpaid balance on the notes and for recognition by the Court that her vendor’s lien was superior in rank to the three mortgages held by the St. Landry Bank and Trust Company. Judgment was rendered in favor of the bank on all the notes held by the bank, which had been secured by the mortgage on the property in question. Mrs. Sliman got a money judgment on the notes which hád been signed by the McBees and given to her as payment for the property in question in the original sale. The trial court specifically ruled that Mrs. Sliman had no privilege or lien other than a judicial mortgage obtained on the amounts due on the notes, and the trial court specifically recognized that the St. Landry Bank and Trust Company mortgages outranked the right of Mrs. Sliman. That decision was appealed in the case of St. Landry Bank and Trust Company v. McBee, 284 So.2d 155 (La. App. 3rd Cir., 1973), in which this court affirmed the decision of the trial court. As stated earlier the present suit was instituted to rescind the original sale for nonpayment of the purchase price. The plaintiff has appealed from an adverse judgment.
The trial judge gave no written reasons for his decision in this matter; therefore, we must look to the entire record to determine the correctness of his decision. The defendant bank in this case argued that under the terms of the original act of sale between Mrs. Sliman and the McBees, the McBees’ only obligation to Mrs. Sliman was their personal obligation on the notes which they executed in her favor when she sold them the property in question. The defendant argued that the following language in the original act of, sale not only waived any rights to a lien which the vendor might have, but also waived any rights the vendor might have to rescind the sale for nonpayment of the purchase price:
“It is agreed between the parties that’ the notes hereinabove described shall be and remain a personal obligation of the makers and their heirs, but no lien shall exist on the lots herein sold securing payment of said notes.”
By virtue of the language in the act of sale, the defendant argued, the only right which Mrs. Sliman retained was the right to sue on the notes.
The defendant further argued that the compromise entered into by Mrs. Sliman and the McBees settled in favor of the McBees the question of whether Mrs. Sli-man could rescind the sale. The defendant argued that the compromise left only the right to sue on the notes as the legal remedy available to Mrs. Sliman. The argument was that part of the original suit brought by Mrs. Sliman against the Mc-Bees was for rescission of the sale and that the compromise of that suit and the subsequent judgment with prejudice to the plaintiff, Mrs. Sliman, in that action decided the issue of the right to 'rescind the sale.
The plaintiff argued in her original brief that under Louis Werner Saw Mill Co. v. *588 White, 20S La. 242, 17 So.2d 264 (1944), the failure of the vendee to pay the purchase price is a dissolving condition and is an event which gives the vendor an absolute right to sue for dissolution of the sale. The plaintiff further argued that by retaining the credit portion of the consideration, i.e., the notes given for the purchase price, she had retained the right to rescind the sale for nonpayment of the purchase price.
The plaintiff argued in her rebuttal brief that in essence the defendant’s arguments with reference to the compromise and subsequent judgment "in the initial suit constituted an exception of res judicata. She argued that our jurisprudence requires an identity of parties when an exception of res judicata is raised. She further argued that res judicata is inapplicable in the present case because the present suit is for rescission of the sale based on nonpayment of the purchase price while in the original suit she sought to rescind the sale for error. The compromise ended her right to rescind the sale on the basis of error but not on the basis of nonpayment of the purchase price.
The remedy sought by the plaintiff in this action is based on Articles 2045, 2046, and 2047 of the Revised Civil Code. Article 2045 defines the resolutory condition.
“The dissolving condition is that which, when accomplished, operates the revocation of the obligation, placing matters in the same state as though the obligation had not existed. It does not suspend the execution of the obligation; it only obliges the creditor to restore what he has received, in case the event provided for in the condition takes place.”
Article 2046 provides that:
“A resolutory condition is implied in all commutative contracts, to take effect, in case either of the parties do not comply with his engagements; in this case the contract is not dissolved of right; the party complaining of a breach of the contract may either sue for its dissolution with damages, or, if the circumstances of the case permit, demand a specific performance.”
Article 2047 provides that:
“In all cases the dissolution of a contract may be demanded by suit or by exception; and when the resolutory condition is an event, not depending on the will of either party, the contract is dissolved of right; but, in other cases, it must be sued for, and the party in default may, according to circumstances, have a further time allowed for the performance of the condition.”
In Louis Werner Saw Mill Co. v. White, supra, the Supreme Court had the following to say at page 267:
“The failure of the vendee to pay the price is a ‘dissolving condition’, or a ‘res-olutory condition’; it is an event which gives to the creditor an absolute right to sue for the dissolution of the sale. This right is inherent in all credit sales. It is grounded upon the just and equitable principle that the vendee should not be permitted to withhold the price and keep the things. The contract of sale ‘is an agreement by which one gives a thing for a price in current money, and the other gives the price in order to have the thing itself’. Revised Civil Code, Article 2439. The principal obligation of the buyer is ‘To pay the price of sale’. Revised Civil Code, Article 2549. When the vendee fails to pay the price, he defaults on his obligation, the contract is breached, and the vendor may, under the articles of the Code, sue for its dissolution. The effect of the dissolution is to place ‘matters in the same state as though the obligation had not existed’. The vendor gets the property back, and the vendee is discharged from his obligation to pay the price. If he has paid part of the price, that which he has paid is restored to him.”
The plaintiff argued that the right to dissolve or set aside a sale for the nonpay *589 ment of the purchase price is an independent, substantive remedy which is in no way dependent upon the existence of a mortgage or privilege. The purchase price for the property of which a rescission is sought was $5,000 cash and $73,000 credit represented by four promissory notes given by the purchasers to the vendor. The plaintiff argued that under Article 2561 of the Revised Civil Code, the right of a dissolution is an accessory of the credit representing the price, and as holder of the notes given as part of the purchase price she has the right to dissolve the sale for nonpayment of the purchase price.
The defendant argued that had this been an ordinary credit sale the principles of the Louis Werner case would apply. But, the defendant’s position was that the language in the act of sale stating that the notes would remain a personal obligation and that there would be no lien on the property indicated that the vendor had waived the right to rescind the sale for nonpayment of the purchase price.
The issue of whether the vendor retained the right to rescind the sale for nonpayment of the purchase price ultimately rests upon a determination of what the parties intended by the insertion of the following language in the act of sale:
“It is agreed between the parties that the notes hereinabove described shall be and remain a personal obligation of the makers and their heirs, but no lien shall exist on the lots herein sold securing payment of said notes.”
The argument of the plaintiff that the right to dissolve the sale for the nonpayment of the purchase price is an independent, substantive remedy which is in no way dependent upon the existence of a mortgage or privilege is supported by the language in the Louis Werner case, supra. However, the language contained in the present act of sale was not contained in the act of sale involved in the Louis Wer-ner case, supra. There it was clear that the vendor retained its rights against the property from the fact that the sale was secured by a mortgage and vendor’s lien. As stated earlier, the right to dissolve the sale is not dependent upon the existence of a mortgage or privilege. However, the language contained in the present act' of sale indicates that the vendor waived more than any lien to which she was entitled. The language clearly indicates that the vendor renounced her claims against the property sold, and that her only rights against the vendees were the rights on the notes given to her by them, which notes were specified to be the makers’ “personal obligation”. Therefore, the position of the bank as holder of mortgage notes on the property in question is superior to that of the plaintiff whose rights are embodied in the notes only and in the judgment which has previously been rendered as to those notes.
 This position is strengthened by the decision of the District Court, affirmed in St. Landry Bank and Trust Company v. McBee, supra, wherein the court determined as between the present parties that the position of the bank as holder of the mortgages was superior to that of the present plaintiff as holder of the notes. That decision is res judicata as to the issue of the respective rights of the plaintiff and the bank to the property in question. As to the issue of the right of the plaintiff to rescind the sale, we find that the language used in the act of sale indicates an intent on the part of the vendor to renounce her claims against the property sold. Her rights were on the notes only. She waived her right to rescind the sale for nonpayment of the purchase price.
The issues raised with respect to the compromise and judgment in the original suit by Mrs. Sliman against the McBees and the question of whether res judicata may be asserted by the bank with respect to that compromise and judgment need not be discussed, since the right of the plaintiff to rescind the sale was effectively waived by the language in the.act of sale.
*590 For the reasons assigned, the judgment of the District Court is affirmed. The plaintiff-appellant is assessed with all costs of this appeal.
Affirmed.