WATKINS, Judge.
This devolutive appeal was taken from a judgment by default rendered by the 22nd Judicial District Court for the Parish of St. Tammany, Louisiana, on May 31, 1990. The record does not disclose that any testimony was presented, but the judgment was rendered based on documents, affidavits, and certain exhibits filed into the record.
The plaintiff, Emory Lea Graves, Sr., sought and procured an in rem judgment on a claim arising out of the nonpayment of a promissory note paraphed for identification with a “credit sale” of immovable property in St. Tammany Parish. The plaintiff acknowledged in his petition that he had no right to a money judgment, but that he sought only an in rem remedy *1262 against certain parcels of land which formed the basis of the act of sale.
BACKGROUND
Mr. Graves conveyed to Fradella Construction, Inc., various parcels of land in a notarial act of sale dated December 22, 1982. The “Sale with Mortgage” conveyed the following: Lot Numbers 1-A through 6-A, and 9-A through 14A, and part of 15-A and 26A and a parcel located at the end of Harbor Road and described as containing 0.317 acres. See attached plat. The sale was made for the price of $90,000.00 on the following terms: $40,000.00 in cash and a balance of $50,000.00 payable in 180 installments. The instrument of sale contained the following language which was typed onto the printed form:
This mortgage does not encumber the following described property: Lots 1A, 2A, 9A, 10A, 26A and the 0.317 acres as described above. Mortgagee will give a partial release of property and release amount to be prorated (sic) amount owed over the number of lots still encumbered under mortgage at that time.
Fradella Construction, Inc. failed to pay the monthly installments. The corporation filed a petition for Chapter 1' relief in the United States Bankruptcy Court for the Eastern District of Louisiana in Case Number 87-00860-B. Fradella did not list Mr. Graves as a creditor. The trustee in bankruptcy disclaimed 15 bayou lots, including numbers 3A, 4A, 11A through 14A, 1A, 9A, 10A, and 26A on February 24, 1988. The final bankruptcy decree was rendered that date, clearing the way for Mr. Graves to bring the present suit.
John J. Fradella was the president of Fradella Construction, Inc. He and his wife, Barbara Reed Joyce Fradella, eventually moved to Cedar Key, Florida. On May 31, 1990, judgment by default was rendered in St. Tammany Parish, Louisiana, against Mr. and Mrs. Fradella and Fradella Construction, Inc., and in favor of Mr. Graves.
The judgment granted plaintiff:
an in rem money judgment in the amount of SIXTY-TWO THOUSAND SIX HUNDRED NINETY-EIGHT AND 69/100THS ($62,698.69) DOLLARS, together with interest at the rate of twelve (12%) per cent per annum, from December 22, 1989 until paid, plus reasonable attorney’s fees in the amount of twenty-five (25%) per cent of all principal and interest due, for all costs of these proceedings, the same subject to satisfaction out of the property described as Lots 3-A, 4-A, 11-A, 12-A, 13-A, 14-A, part of 15-A and .317 acres described more particularly herein and that the plaintiff’s first ranking vendor’s lien be recognized in preference and priority to all others.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the claims of Emery Lea Graves, Sr. as to the mortgage on the remainder of the property under the mortgage recorded at COB 1083, folio 280 and at MOB 907, folio 618, particularly Lots 1A, 2A, 9A, 10A and Lot 26A, be and the same are hereby reserved to the plaintiff.
On July 2, 1990, a petition for appeal was filed by counsel for Mr. and Mrs. Fradella and Fradella Construction, Inc. Appellants’ brief was filed with this court on October 9, 1990, and oral argument was had during September, 1991.
SERVICE OF PROCESS
Appellants urge on appeal that the default judgment is void and unenforceable because service of process was not properly effected against Fradella Construction, Inc. Suffice it to say that appellants’ attorney filed a petition for appeal on the trial level and made an appearance in this court. Thus, any possible exception of improper service of process that appellants may have had was waived. LSA-C.C.P. art. 925; Field v. Merritt, 449 So.2d 7 (La.App. 1st Cir.) writ denied, 450 So.2d 964 (La.1984).
VENDOR’S LIEN
Appellants urge that the judgment is in error because the trial court recognized a vendor’s privilege and recognized appel-lee’s mortgage on certain lots which were recited to have been “not encumbered” in *1263 the act of sale. We agree., and we will amend the judgment accordingly.
Appellee takes the position that it was the intent of the parties to the credit sale to retain a vendor’s privilege on all properties regardless of the fact that some of the property was released by the vendor from the mortgage which was established to secure the payment of the credit portion of the purchase price. Appellee points to the following language found in the printed portion of the act of sale:
Now, therefore, in order to secure the full and final payment of said unpaid purchase price, represented as aforesaid, in capital and interest, together with all costs, including the attorney’s fees herein stipulated, the said purchaser grants and the vendor retains a special mortgage with vendor’s lien and privilege on the property herein conveyed in favor of said vendor and the future owner or owners of said indebtedness, or any part thereof, until the same shall have been fully paid and satisfied in principal and interest, it being agreed and stipulated that said property shall not be sold, alienated, or encumbered to the prejudice of these presents.
Mr. Graves’s argument that his vendor’s lien on all of the lots conveyed to the corporation was preserved by operation of law because the credit nature of the sale is untenable. The plain and unambiguous language of the release from the mortgage of Lots 1A, 2A, 9A, 10A, 26A, and the .317 acres clearly expresses the intent of the parties that only the remainder of the land conveyed was subject to an encumbrance for the unpaid balance of the purchase price. The sum of $40,000.00 was paid in cash, supplying adequate consideration for the release of the lots by the vendor.
We are cognizant of the rule of law that a vendor’s privilege and a special mortgage may coexist on the same property and the one be renounced or extinguished without affecting the other. State v. Broussard, 177 So. 403 (La.App. 1st Cir.1937). However, we find that the decision in an analogous case from the Fourth Circuit Court of Appeal is helpful in the present situation. In Alison Mtg. Inv. Trust v. BPB Contractors, Inc., 362 So.2d 1203 (La.App. 4th Cir.1978), the question was whether a claimed vendor’s lien was preserved after the recitation in the deed that the full purchase price had been paid in cash. The court’s answer was that the effect of the public records doctrine in Louisiana is such that, following so specific a recitation of complete payment, there remained no language in the act of sale indicative of any remaining obligation, so as to give rise to a vendor’s lien.
Although we do have “vendor’s lien” language in the act of sale in the instant case, we nevertheless have a declaration of the intent of the vendor to release certain lots. Any third party relying on the public records would not be alerted by the language of the release that the vendor intended, if he did so intend at the time of the sale, to preserve his vendor’s lien to the lots released from the mortgage.[1]
Accordingly, we amend the judgment of the trial court to delete the paragraph referring to Lots 1A, 2A, 9A, 10A and Lot 26A. (Paragraph Number 3.) Further, we substitute the following paragraph for the second paragraph of the trial court’s judgment:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the preliminary defaults herein entered on the 27th day of April, 1990, as to Barbara Reed Joyce, wife of/and John J. Fradella, and on the 9th day of May, 1990, as to Fradella Construction, Inc., be and they are hereby confirmed and made final and that there be judgment herein in favor of the plaintiff, Emory Lea Graves, Sr., and against the defendants, Barbara Reed Joyce, wife of/ and John J. Fradella and Fradella Construction, Inc., granting plaintiff an in rem judgment in the amount of SIXTY-TWO THOUSAND SIX HUNDRED NINETY- *1264 EIGHT AND 69/100THS ($62,698.69) DOLLARS, together with interest at the rate of twelve (12%) per cent per annum, from December 22, 1989, until paid, plus attorney’s fees in the amount of twenty-five (25%) per cent of all principal and interest due, for all costs of these proceedings, the same subject to satisfaction out of the property described as Lots 3-A, 4-A, 11-A, 12-A, 13-A, 14-A, and part of 15-A, as described more particularly herein and that the plaintiffs first ranking vendor’s lien be recognized in preference and priority to all others.
Finally, we cast appellee for costs of this appeal.
AMENDED, AND AS AMENDED, AFFIRMED.
*1265 [[Image here]]

. This is not to say that but for the release provision a vendor’s lien could not exist as between the seller and the buyer under similar circumstances, but the vendor’s lien can have no effect on third parties.